SCHERMERHORN, Appellant, *vs.* THE MOHAWK BANK Resp'ts.

Where a bill was regularly taken, as confessed in the Court of Chancery, and the Chancellor, on motion before him, refused to open the default, on the ground that the answer which the defendant sought to put in was not a good defence to the suit on the merits; *held*, that the decision of the Chancellor was not the subject of appeal.

*J. Rhoades* and *S. W. Jones*, for the respondents, moved to dismiss the appeal. The Mohawk Bank filed a bill against Schermerhorn and others to set aside certain assignments as being a fraud upon creditors. After the bill had been taken as confessed, the defendant, Schermerhorn, moved to open the default, and for leave to defend. The Chancellor denied the motion; and from that order the defendant has appealed. The case of *Fort* vs. *Bard*, decided in September last, is in point to show that an appeal will not lie.

*A. Taber* and *E. Sandford*, for the appellant, said there was a distinction between this case and the one cited. In *Fort* vs. *Bard*, the Chancellor denied the motion to open the

default, on the ground that the defendant wished to set up an inequitable defence. But it was not so in this case. And this was not a mere question of practice. The Chancellor did not put his decision on the ground that the default had not been sufficiently excused; but he examined the case *on the merits*, and denied the motion on the ground that the facts on which we relied did not constitute. a good defence. On that question we think the Chancellor erred; and in such a case an appeal should be entertained.

*By the Court,* BRONSON, J. There is no difference in principle between this case and the one cited at the bar. The motion to open a regular default is always a question of practice, addressed to the discretion of the Court in which the suit is pending; and it is not, in its nature, a proper matter for review in an Appellate Court. This is so, whatever may be the ground on which the motion was decided..

Appeal dismissed.